FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. FROST; JOSE RA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; SAMSUNG ELECTRONICS COMPANY, LTD.; SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants-Appellees. | No. 18-16188<br><br>D.C. Nos. 5:16-cv-05206-BLF<br> 5:16-cv-05586-BLF<br> 5:16-cv-05673-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted January 22, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,[**] District Judge.

The parties are familiar with the facts of this case and the record, so we do

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

not review them in detail here. Broadly, Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC") alleges that beginning on January 1, 2005, Defendants entered into a global conspiracy not to poach each other's employees in violation of Section 1 of the Sherman Act and the equivalent antitrust laws of California and New Jersey.

The district court dismissed the SAC, finding that Plaintiffs failed to plausibly allege the existence of a conspiracy. Relatedly, the district court granted LG Electronics, Inc.'s motion to dismiss for lack of personal jurisdiction, reasoning that because the sole basis of personal jurisdiction alleged by Plaintiffs was the conspiracy, dismissal for lack of personal jurisdiction was necessarily required. We review both decisions de novo and affirm.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that plaintiffs must put forth:

> enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Building upon *Twombly* and its companion case, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), we have held that to state a claim for antitrust conspiracy, plaintiffs must allege "'who, did

what, to whom (or with whom), where, and when?'" *In re Musical Instruments &*
*Equip. Antitrust Litig.*, 798 F.3d 1186, 1194 n.6 (9th Cir. 2015) (quoting *Kendall v.*
*Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008)).

In the context of antitrust conspiracy claims, plaintiffs may meet their
burden by alleging parallel conduct among competitors and certain "plus factors"
suggesting a conspiracy. *In re Musical Instruments*, 798 F.3d at 1194.
Alternatively, plaintiffs may meet their burden by putting forth direct evidence of
an agreement. *Id.* at 1193. To meet the direct evidence standard, however, the
evidence must explicitly support the asserted proposition without requiring any
inference. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1093–94 (9th Cir. 1999).

Applying the foregoing law, Plaintiffs' SAC fails to plausibly allege a
conspiracy. First, Plaintiffs do not allege parallel conduct in conjunction with plus
factors tending to show agreement. Instead, they rely on various statements made
by defendants' employees and by a recruiter affiliated with Samsung as direct
evidence of agreement. But each of these statements requires inferences in order
to support the existence of a conspiracy and are, therefore, not direct evidence.
Considered collectively, the statements and all the plausible inferences that can be
drawn from them do not establish "who, did what, to whom (or with whom),
where, and when?" *Kendall*, 518 F.3d at 1048. Additionally, we note that because
Plaintiffs have failed to plausibly allege agreement, they have also failed to

3

plausibly allege that LG Electronics, Inc. is subject to personal jurisdiction in the United States.

**AFFIRMED.**

*Frost, et al. v. LG Electronics, et al.*, No. 18-16188

MOLLOY, District Judge, concurring:

I am not convinced that *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008), is a proper application of the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But as binding law in this Circuit, *Kendall* compels the result in this case. For that reason, I concur.

*Frost v. LG Electronics, Inc.*, No. 18-16188

W. FLETCHER, J., dissenting:

I respectfully dissent.  Plaintiffs—two former employees of LG Electronics U.S.A., Inc.—allege that LG and Samsung entered into an agreement not to hire employees from one another.  They describe in their complaint statements to that effect by employees of LG and Samsung subsidiaries.  Although those statements do not reflect the precise temporal or geographical scope of the alleged unlawful agreement, I conclude they are enough to plausibly "suggest that an agreement was made."  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  If *Kendall* is read to require dismissal of plaintiffs' complaint, it is inconsistent with the Supreme Court's decision in *Twombly*.

I would reverse the judgment of the district court and remand for further proceedings.